IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| M. Whitner Slagsvol and Elizabeth Slagsvol,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas Oswald General Carpentry and Builders, LLC, and Thomas Oswald,<br><br>Defendants,<br><br>v.<br><br>Thomas Oswald General Carpentry & Builders, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Richard Molten,<br><br>Third-Party Defendant. | C/A No. 0:18-cv-3144-CMC<br><br><br><br><br><br>Opinion and Order Granting Defendants' Motion to Dismiss RICO Claim<br>(ECF No. 43) |

Through this action, Plaintiffs M. Whitner Slagsvol and Elizabeth Slagsvol ("Plaintiffs"), bring claims against Defendants Thomas Oswald General Carpentry and Builders, LLC ("Oswald Builders") and Thomas Oswald ("Oswald") (collectively, "Defendants") for civil RICO violations, fraud, breach of contract accompanied by a fraudulent act, negligent misrepresentation, breach of fiduciary duty, breach of contract, and negligence. ECF No. 23 (Amended Complaint).

The matter is before the court on Defendants' motion to dismiss the RICO claim with prejudice under Fed. R. Civ. P. 12(b)(6), and, if the court dismisses this cause of action, to remand to state court "as no remaining causes of action give Federal jurisdiction." ECF No. 43. Plaintiffs

have not responded to Defendants' motion, and the time to do so has expired. For the reasons set forth below, the motion is granted in part.

## STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of the claims that entitles it to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302). Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's factual allegations, not its legal conclusions); *see also McCleary-Evans v. Maryland Dept. of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015) (noting "*Iqbal* and *Twombly* articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to survive a

2

motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery." (emphasis and alteration in original, internal quotation marks omitted)); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition plaintiff need not forecast evidence sufficient to prove the elements of a claim, but must allege sufficient facts to establish those elements).

### FACTS[1]

Plaintiffs and Defendant Oswald Builders entered into a contract in November 2016 for construction of a home in Fairfield County. ECF No. 23 at ¶ 7. Oswald is the managing member of Oswald Builders. *Id.* at ¶ 6. Third-party Defendant Richard W. Molten, Jr. ("Molten") was the architect on the project. *Id.* at ¶¶ 10, 11. Under the terms of the contract, Oswald Builders was to be paid the cost of work defined plus 17% of the cost of work as its fee. *Id.* at ¶ 12. Work was to be completed by June 1, 2017. *Id.* at ¶ 13.

Oswald Builders began work in November 2016, and periodically prepared invoices for work completed. *Id.* at ¶¶ 15, 16. Oswald Builders provided 36 invoices to Molten via email, but allegedly billed for material not purchased, for an amount over cost, inflated costs of materials and supplies, inflated cost of subcontractors, and for labor not used, used on other projects, or denied reimbursement by the contract. *Id.* at ¶¶ 17-24. Molton was to review the invoices to assure Plaintiffs the invoices accurately reflected the costs incurred. *Id.* at ¶ 26.

---

[1] These facts are drawn from Plaintiffs' Amended Complaint, and are accepted as true for the purposes of this motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiffs allege Oswald Builders and Oswald engaged in a RICO scheme "to perpetrate a fraud upon [Plaintiffs] by use of fraudulent invoices," and that Oswald had perpetrated such a scheme on other homeowners dating from 2007. *Id.* at ¶¶ 31, 32. They allege Defendants "performed predicate acts of racketeering activity by wire fraud through a pattern of sending inflated, non-conforming, and fraudulent invoices by use of wire communications" and "intended" Plaintiffs rely on the invoices, on which they did rely and pay. *Id.* at ¶¶ 35-38. Plaintiffs allege Defendants have used this scheme previously and will continue to do so "until made to stop by adverse judgment." *Id.* at ¶ 40.

## DISCUSSION

Defendants make multiple arguments as to why Plaintiffs' claims fail, and Plaintiffs have not addressed any. As one is dispositive, the court only addresses that issue: whether there is a pattern of racketeering sufficient to state a RICO claim.

The court agrees Plaintiffs have failed to allege facts sufficient to support a RICO claim. Consistent with Fourth Circuit authority, this case simply does not rise to the level required for RICO claims predicated on wire fraud:

> [W]e are cautious about basing a RICO claim on predicate acts of mail and wire fraud because '[i]t will be the unusual fraud that does not enlist the mails and wires in its service at least twice.' *Anderson v. Foundation for Advancement, Educ. and Employment of Am. Indians,* 155 F.3d 500, 506 (4th Cir.1998) (internal citations omitted). This caution is designed to preserve a distinction between ordinary or garden-variety fraud claims better prosecuted under state law and cases involving a more serious scope of activity. *See id.; Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1022 (7th Cir.1992). *But see Annulli v. Panikkar,* 200 F.3d 189, 199 (3d Cir.1999) (stating that because RICO statute is to be read broadly, RICO "may be applicable to many garden variety fraud cases" (internal quotation marks omitted)). We have reserved RICO liability for 'ongoing unlawful activities whose scope and persistence pose a special threat to social well-being.' *Menasco, Inc. v. Wasserman,* 886 F.2d 681, 684 (4th Cir.1989) (internal quotation marks omitted).

4

*Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000). In this case, although Plaintiffs allege "literally hundreds" of possible past victims, Plaintiffs have failed to allege with specificity any previous acts of alleged fraudulent wrongdoing by Defendants against individuals other than Plaintiffs. At its heart, this is a dispute between a builder and one client regarding potential overbilling that happens to utilize email.[2] This is not "outside the heartland of fraud cases" to warrant RICO treatment. *Id.* ("[T]he narrow focus of the scheme here . . . combined with the commonplace predicate acts persuades us that the facts here do not satisfy the pattern requirement.").[3]

---

[2] The court notes, however, the "wire fraud" alleged does not appear to have been between Defendants and Plaintiffs: Plaintiffs allege Oswald sent the fraudulent invoices to the architect Molton, not to his clients, the alleged victims and Plaintiffs here. Plaintiffs have not alleged Molton participated in the RICO activity.

[3] As the court has determined the allegations are insufficient to establish a pattern for RICO purposes, it does not examine the other elements argued by Defendants.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted in part. Plaintiffs' civil RICO claim is hereby dismissed with prejudice.[4] However, the requested remand is not possible because this case was originally filed in this Federal district court. Nonetheless, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and dismisses these claims without prejudice to Plaintiffs bringing them in state court.[5]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 22, 2019

---

[4] Plaintiffs have amended the complaint once, not requested further leave to amend, and it does not appear they could allege any set of facts that would make out a RICO claim.

[5] As there is no jurisdiction over Plaintiffs' remaining claims, there is necessarily no jurisdiction over the counterclaims and third-party claims. They are dismissed without prejudice as well.