IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| M. Whitner Slagsvol and Elizabeth Slagsvol, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br> Thomas Oswald General Carpentry and Builders, LLC, and Thomas Oswald, <br><br>　　　　Defendants, <br><br>　v. <br><br> Thomas Oswald General Carpentry and Builders, LLC, <br><br>　　　　Third-Party Plaintiff, <br><br>　v. <br><br> Richard Molten, <br><br>　　　　Third-Party Defendant. | C/A No. 0:18-cv-3144-CMC <br><br><br><br><br><br> Opinion and Order Denying Defendants' Motion for Attorneys' Fees <br>(ECF No. 46) |

　　　　Through this action, Plaintiffs M. Whitner Slagsvol and Elizabeth Slagsvol ("Plaintiffs"), bring claims against Defendants Thomas Oswald General Carpentry and Builders, LLC ("Oswald Builders") and Thomas Oswald ("Oswald") (collectively, "Defendants") for civil RICO violations, fraud, breach of contract accompanied by a fraudulent act, negligent misrepresentation, breach of fiduciary duty, breach of contract, and negligence. ECF No. 23 (Amended Complaint). Defendants filed a motion to dismiss for failure to state a claim as to the RICO claim (ECF No. 43) and Plaintiffs did not respond. The court entered an Order granting the motion to dismiss the RICO claim with prejudice and dismissing the remaining claims without prejudice to Plaintiffs' right to bring them in state court. ECF No. 44.

On May 1, 2019, Defendants filed a motion for attorneys' fees pursuant to Fed. R. Civ. P. 54 and 11, arguing Plaintiffs' RICO claim was baseless and frivolous, and the attorneys' fees paid by Defendants would not have been necessary "but for Plaintiffs' meritless RICO claim." ECF No. 46. Plaintiffs filed a response on May 7, 2019, opposing an award of attorneys' fees. ECF No. 47. Plaintiffs explained they "somehow missed the filing of the Oswald defendants' Rule 12(b)(6) motion, which explains why they did not file a reply objecting to the motion." *Id.* at 1. They further argue the RICO claim was not baseless or frivolous, and that Defendants failed to first serve their Rule 11 motion on Plaintiffs as required under Rule 11(c)(2). *Id.* at 2-3. Defendants did not reply.

Fed. R. Civ. P. 11 requires service of a Rule 11 motion on the opposing party at least 21 days before filing the motion with the district court, to give the opposing party an opportunity to withdraw or correct the challenged action. Fed. R. Civ. P. 11(c)(2). "Because the rule requires that the party submitting the challenged pleading be given an opportunity to withdraw the pleading, sanctions cannot be sought after" the conclusion of the case. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004); *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002).

In this case, Defendants did not first serve their Rule 11 motion on Plaintiffs before filing a motion under Rule 12(b)(6), before that motion was granted ending the case, or before filing the Rule 11 motion with the District Court. Although Defendants have attached a letter sent to Plaintiffs' counsel prior to filing the motion under Rule 12(b)(6) to the motion for sanctions now filed with this court, this letter does not meet the requirements of Rule 11(c)(2): while it states "I am writing this letter pursuant to FRCP Rule 11 in an attempt to resolve a dispute relating to the RICO claim included with your complaint," it is not a Rule 11 motion. ECF No. 46-1. It did,

2

however, notify Plaintiffs of Defendants' intention to file a motion to dismiss under Rule 12(b)(6) and stated "we will move for attorney's fees and costs if successful . . . If I do not receive a response . . . I will move forward with the 12(b)(6) motion." *Id.* at 3. The Fourth Circuit has considered failure to serve a Rule 11 motion on opposing counsel sufficient to reverse an award of sanctions, as the district court "lacks authority to impose the requested sanctions" if the conditions precedent are not satisfied. *See Brickwood*, 369 F.3d at 389-390 ("The conclusion that the defendants failed to comply with the procedural requirements of Rule 11(c)(1)(A) would be enough, at least in most cases, to require reversal of the district court's imposition of sanctions.").

Even if the court were to consider the letter sufficient to meet the requirement of Rule 11(c)(2), Defendants have failed to show conduct of Plaintiffs' counsel in declining to withdraw the RICO claim following receipt of the letter violated Rule 11(b)(1), (2), or (3). Plaintiffs' counsel has admitted his failure to respond to the 12(b)(6) motion was caused by inadvertence. He has, however, insisted that

> Plaintiffs believed, had discovery been answered, subsequent investigation would have revealed a RICO pattern extending to a number of persons. It appeared to Plaintiffs that the pattern of business Oswald Builders engaged in was common practice, and that discovery would have revealed a number of other victims. Plaintiffs also believed that the fact pattern in this case fits the fact pattern in *Cedric Kushner Promotions, Ltd. v. King*, 553 U.S. 158 (2001), a case decided in the Supreme Court.

ECF No. 47 at 3. The court finds no basis to conclude otherwise.

For the reasons above, Defendants' motion for attorneys' fees is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina<br>
May 22, 2019

3